*Shadwick* v. *Phillips.*

ON an application for judgment as in case of non-suit for not proceeding to trial, the affidavit stated, that the plaintiff, as he was going to *subpœna* his witnesses, met the defendant, who said he could not procure his in time, and begged him not to bring on the suit. This he consented to, and the verbal agreement thus made, it was insisted, took the case out of the operation of the twelfth rule of *April,* 1796, which it was argued, was obligatory only on officers of the court.

THOMPSON, J. The simple question is as to the validity of the agreement; whether the court is not bound to notice it, though not reduced to writing? Our rule* is, " That no private agreement or con- * See *ante,* " sent between the *parties,* &c. shall be alleged or p. 7. " suggested by either of them against the other, un- " less the same shall be reduced," &c. We think that it ought to extend to parties, as well as attornies in the suit. Such must have been the intention of the court; otherwise it would have been restrained to such as were entered into between attornies. The words of the rule warrant our determination. It is as necessary between parties as their attornies, and enforcing this construction will prevent much alterca-tion. There is no difficulty in reducing any agree-ment into writing. In the present instance, indeed, the existence of the engagement is not contradicted, but it is not admitted; and if it be of no validity, it was unnecessary it should be denied. There may

Aug. Term,
1805.
be a hardship in this case, but the court cannot violate what they think a proper and correct rule to enforce. But even the hardship will in some degree disappear, if we advert to the affidavits, which state that the parties informed their attornies of the arrangement. It was, therefore, their duty to go on, notwithstanding what passed between their clients.

SPENCER, J. I cannot coincide in this decision. It is true, with the general law of the land no man is supposed to be unacquainted, and, therefore, ignorance of it is no excuse. But this presumptive knowledge is not to be extended to our private rules of court. Our officers, indeed, may be supposed connusant of them, for they are intended to be always present here in person. In the case now before us, the rule operates most unjustly. A plaintiff on the way to *subpœna* his witnesses, meets a defendant, and to oblige him, because he could not be ready with his, consents not to bring on the cause, and merely on account of this agreement not being reduced to writing, he is now to be nonsuited. I think the practitioners in this court were the subject matter of the rule, and it ought to affect them only.

TOMPKINS, J. I fully concur in the opinion last given.

LIVINGSTON, J. I did not intend to have given my reasons for coinciding with the decision pronounced by Mr. Justice *Thompson*. But to me it appears of more importance that the rule should apply to parties than attornies. The latter, if they abide honourably by their engagements, know exactly the

extent of them, and to what they apply ; but a suitor can hardly ever determine the effect of his own words, and we shall have eternal disputes upon how far they mean to go. The construction now made, is clearly within the letter of the rule, and were it to be made anew, I should be for its comporting with the present decision.

KENT, C. J. The defendant takes nothing by his motion.